IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN W. KEISER, | : | |
| by his Guardian Ad Litem, | : | |
| LAURIE KEISER | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. _____ |
| | : | |
| HARTFORD UNDERWRITERS INSURANCE | : | |
| COMPANY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## NOTICE OF REMOVAL

TO THE CHIEF JUDGE AND JUDGES AND CLERK OF THE UNITED
STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE:

Please take notice that defendant Hartford Underwriters Insurance Company

(hereinafter "Hartford"), by its undersigned attorneys, removes the above-captioned action

pursuant to 28 U.S.C. § 1441 and §1446 from the Superior Court of the State of Delaware in and

for Kent County to the United States District Court for the District of Delaware.  Removal is

proper for the following reasons:

1.      This action was commenced by plaintiff John W. Keiser by his Guardian

Ad Litem Laurie Keiser on August 18, 2006, in the Superior Court of the State of Delaware in

and for Kent County.  The case was docketed as No. 06C-07-052 (JTV).

2.      Pursuant to 18 Del. C. § 525, plaintiff John W. Keiser by his Guardian Ad

Litem Laurie Keiser served the Complaint on the Delaware Insurance Commissioner on August

23, 2006. On or about August 29, 2006, Hartford received a copy of the Complaint from the Delaware Insurance Commissioner.

3.    The Complaint and the disclosures attached thereto constitute all process, pleadings, and orders received by Hartford in this action.

4.    This Notice is timely under 28 U.S.C. § 1446(b), it being filed within thirty (30) days of the service of plaintiffs' Complaint on August 23, 2006.

5.    The basis for removal is diversity of citizenship. As averred below, the present action is a civil action over which this Court has original jurisdiction under the provisions of the United States Code governing diversity jurisdiction. 28 U.S.C. § 1332. Hence, this is a civil action which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a).

(a)    Plaintiff John W. Keiser has alleged in his Complaint that he is an adult individual residing with his guardian, Laurie Keiser, at 181 Maryland Drive, Woodruff, South Carolina 29388. Thus, Plaintiff is a citizen of South Carolina for purposes of determining the existence of diversity of citizenship under 28 U.S.C. § 1332.

(b)    Defendant Hartford was, at the time this action was commenced, and is; a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business located at 3001 Eighth Avenue, Hartford Connecticut 06115. Thus, Hartford is a citizen of Connecticut for purposes of determining the existence of diversity of citizenship under 28 U.S.C. § 1332.

(c)    Therefore, there is complete diversity among the parties.

(d)    The plaintiff's Complaint alleges damages in the amount of $642,037.31 for unpaid medical expenses. Thus, the amount in controversy, exclusive of interest and costs,

exceeds $75,000 in the present action. The plaintiff also purports to state causes of action for bad faith and breach of contract and seeks to recover an unspecified sum for future medical expenses plus costs, statutory interest and pre- and post-judgment interest, as well as punitive damages, costs, and attorney's fees for the present action.

6.    Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the District of Delaware is the proper venue for removal because Kent County, Delaware, the place where this action is pending, is located within the District of Delaware.

7.    Hartford will give written notice of the filing of this Notice of Removal to the plaintiff and to the Clerk of the Superior Court of the State of Delaware in and for Kent County as required by 28 U.S.C. § 1446(d).

8.    Attached to this Notice as Exhibit A are copies of all process, pleadings and orders filed in the state court record through this date.

WHEREFORE, Defendant Hartford, having met all of the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including all jurisdictional requirements established by 28 U.S.C. § 1332, hereby provides Notice of its removal of the above-captioned action to the United States District Court for the District of Delaware and requests that this action proceed in this Court.

Dated: September 2/ , 2006

Respectfully submitted,

William M. Kelleher (I.D. No. 3961)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
919 N. Market Street, 12th Floor
Wilmington, DE 19801-3034
Telephone: (302) 242-4465

Attorney for Defendant,
Hartford Underwriters Insurance Company

OF COUNSEL:
BALLARD SPAHR
ANDREWS & INGERSOLL, LLP
John C. Grugan
Diana L. Spagnuolo
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania  19103-7599
Telephone: (215) 665.8500

## CERTIFICATE OF SERVICE

I, William M. Kelleher, hereby certify that on this 21st day of September, 2006, I

have caused a true and correct copy of the attached Notice of Removal, with Exhibit A, to be

served on the following counsel and the Prothonotary at the addresses listed below:

Opposing Counsel:

|  | |
|---|---|
| | Jeffrey J. Clark, Esq. |
| | SCHMITTINGER & RODRIGUEZ, P.A. |
| | 414 South State Street, P.O. Box 497 |
| | Dover, DE 19903 |
| | (302) 674-0140 |
| Mode of Service: | Via first class mail |

Prothonotary:

|  | |
|---|---|
| | Prothonotary - Kent County |
| | Kent County Courthouse |
| | Kent County, Delaware |
| Mode of Service: | Via electronic filing |

Dated: September 21, 2006

William M. Kelleher (No. 3961)

# EXHIBIT 1

8/23/06   18674   25.

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

JOHN W. KEISER,                    *    C.A. No.: 06C-07-053(JTV)
by his Guardian Ad Litem,          *
LAURIE KEISER,                     *    NON-ARBITRATION CASE
                                   *
              Plaintiff,           *
                                   *    JURY TRIAL DEMANDED
       v.                          *
                                   *
HARTFORD UNDERWRITERS              *
INSURANCE COMPANY,                 *
       a foreign corporation,      *
                                   *
              Defendant.           *    **PRAECIPE**

TO:  Lisa Lowman, Prothonotary
     Kent County Courthouse
     Dover, DE 19901

       PLEASE DOCKET the attached Complaint and Related Pleadings

and issue Summons to the Sheriff for Kent County directing him to

serve the same with two (2) copies of the Complaint and Related

Pleadings upon the Defendant, Hartford Underwriters Insurance

Company, a foreign corporation authorized to transact insurance

business in the State of Delaware, by serving the Insurance

Commissioner of the State of Delaware at his office in Dover,

Delaware, pursuant to 18 Del. C. §§ 524 and 525.

       ENCLOSED IS THE COURT FILING FEE OF $175 AND THE RELATED

FEES FOR SERVICES IN THIS MATTER.

                          SCHMITTINGER & RODRIGUEZ, P.A.

                          By: _____
                              JEFFREY J CLARK, ESQUIRE
                              Delaware Bar I.D. #3485
                              414 South State Street
                              P.O. Box 497
                              Dover, Delaware 19903
                              (302) 674-0140
                              Attorney for Plaintiff

DATED: 7/27/06

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| JOHN W. KEISER, | * | C.A. No.: *06 C-07-052 (JTV)* |
| by his Guardian Ad Litem, | * | |
| LAURIE KEISER, | * | NON-ARBITRATION CASE |
| | * | |
| Plaintiff, | * | |
| | * | JURY TRIAL DEMANDED |
| v. | * | |
| | * | |
| HARTFORD UNDERWRITERS | * | |
| INSURANCE COMPANY, | * | |
| a foreign corporation, | * | |
| | * | |
| Defendant. | * | **SUMMONS** |

**THE STATE OF DELAWARE**
**TO THE SHERIFF OF KENT COUNTY:**
**YOU ARE COMMANDED:**
　　To summon the above-named Defendant, HARTFORD UNDERWRITERS INSURANCE COMPANY, so that, within 20 days after service hereof, Defendant, exclusive of the day of service, shall serve upon JEFFREY J CLARK, ESQUIRE, Plaintiff's attorney, whose address is 414 South State Street, Dover, Delaware 19901 and Answer to the Complaint (and, if the complaint contains a specific notation requiring Defendant to answer any or all allegations of the complaint by affidavit, an affidavit of defense).

　　To serve upon Defendant a copy hereof and of the Complaint (and of the affidavit of demand if any has been filed by Plaintiff).

Dated:

8/18/06

PROTHONOTARY

Per Deputy

TO THE ABOVE NAMED DEFENDANT:
　　In case of you failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney named above an Answer to the Complaint (and, if the complaint contains a specific notation requiring the Defendant to answer any or all allegations of the complaint by affidavit, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

PROTHONOTARY

Per Deputy

## SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

COUNTY:  N (K) S          CIVIL ACTION NUMBER: 06C-07-052 JTV

CIVIL CASE CODE: ___CDBT___          CIVIL CASE TYPE: __DEBT/BREACH OF CONTRACT__
(SEE REVERSE SIDE FOR CODE AND TYPE)

| CAPTION: | NAME AND STATUS OF PARTY FILING DOCUMENT: |
|---|---|
| JOHN W. KEISER, | John W. Keiser, by his Guardian Ad Litem |
| by his Guardian Ad Litem, LAURIE KEISER, | Laurie Keiser, Plaintiff. |
| Plaintiff, | |
| v. | DOCUMENT TYPE: (E.G., COMPLAINT; ANSWER WITH COUNTERCLAIM) |
| HARTFORD UNDERWRITERS | Complaint and Related Pleadings |
| INSURANCE COMPANY, | |
| a foreign corporation, | ARBITRATION ____ NON-ARBITRATION X (CERTIFICATE OF VALUE MAY BE REQUIRED) |
| Defendant. | JURY DEMAND  X  YES  ____  NO  TRACK ASSIGNMENT REQUESTED: (CIRCLE ONE) |
| | EXPEDITED     STANDARD     COMPLEX |
| ATTORNEY NAME(S): JEFFREY J CLARK, ESQ. DELAWARE BAR ID #3485 FIRM NAME: SCHMITTINGER & RODRIGUEZ, P.A. | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS |
| ADDRESS: 414 SOUTH STATE STREET P.O. BOX 497 DOVER, DE 19903-0497 | EXPLAIN THE RELATIONSHIP(S): |
| TELEPHONE NUMBER: 302-674-0140 FAX NUMBER: 302-674-1830 E-MAIL ADDRESS: jclark@schmittrod.com | OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT: (IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGES) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICES UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND TO HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| JOHN W. KEISER, | * | C.A. No.: |
| by his Guardian Ad Litem, | * | |
| LAURIE KEISER, | * | NON-ARBITRATION CASE |
| | * | |
| Plaintiff, | * | |
| | * | JURY TRIAL DEMANDED |
| v. | * | |
| | * | |
| HARTFORD UNDERWRITERS | * | |
| INSURANCE COMPANY, | * | |
| a foreign corporation, | * | |
| | * | |
| Defendant. | * | **COMPLAINT** |

## Count I - Breach of Contract

1.    Plaintiff, John W. Keiser, is a resident of the State of South Carolina, who currently resides with his guardian, Laurie Keiser, at 181 Maryland Drive, P.O. Box 364, Woodruff, South Carolina 29388.

2.    Plaintiff John W. Keiser, a mentally disabled adult, (date of birth ████████, 1983) and is the son of Laurie Keiser. Pursuant to the Motion of Plaintiff Laurie Keiser, under Superior Court Civil Rule 17(c), filed simultaneously herewith, Laurie Keiser is the guardian ad litem of her son, John W. Keiser.

3.    Defendant Hartford Underwriters Insurance Company ("Defendant"), is a foreign corporation authorized to transact insurance business in the State of Delaware and has designated the Insurance Commissioner of the State of Delaware as its agent for service of process pursuant to 18 Del. C. §§524 and 525. If corporate existence or proper identity is denied, then Defendant National Insurance Company, must do so in accordance with 10 Del. C. §3915.

4.    As of December 18, 2004 and at all times pertinent

hereto, Defendant had issued an insurance policy to Thomas Mehrtens, d/b/a Appliance Refrigeration, Heating & Air Conditioning, insuring a 2002 Pontiac Firebird, said insurance policy number being 44 UEC GF0579.

5.    The aforementioned insurance policy provided Delaware personal injury protection ("PIP") coverage for the benefit of Plaintiff John W. Keiser, as an insured under this policy and under applicable Delaware law.

6.    On December 18, 2004 Plaintiff John W. Keiser was injured in a motor vehicle accident.  This accident was promptly reported to Defendant and is being adjusted under claim number YCH AL 38734.

7.    The aforementioned insurance policy issued by Defendant to Thomas Mehrtens, d/b/a Appliance Refrigeration, Heating & Air Conditioning, provided PIP coverage in accordance with 21 Del.C §2118, thereby entitling Plaintiff to payment of reasonable and necessary medical expenses incurred as a result of injuries stemming from this accident.

8.    Plaintiff John W. Keiser has submitted to Defendant reasonable and necessary medical expenses incurred as a result of injuries he sustained in this motor vehicle collision.

9.    To date, Defendant has wrongfully refused to pay these medical expenses and has ignored all requests to render payment to the medical providers.  These unpaid medical expenses to date total $642,037.31 and are more particularly identified in Exhibit "A", attached hereto, and incorporated herein.

10.    Defendant's refusal to pay the aforementioned medical expenses is in breach of its contractual obligations to Plaintiff John W. Keiser under the aforementioned insurance policy.

11.   Defendant continues to refuse to pay the aforementioned medical bills, which are reasonable and necessary and proximately related to the aforementioned accident.

12.   As a direct and proximate result of Defendant's refusal to pay the aforementioned medical expenses, Plaintiff John W. Keiser has sustained unpaid medical expenses and will incur future medical expenses during the applicable two year PIP coverage period.

13.   Plaintiff John W. Keiser is contractually entitled to recover for the aforementioned unpaid medical expenses and any future medical expenses sustained as a proximate result of the aforementioned motor vehicle accident under 21 Del.C §2118 and under the aforementioned insurance policy.

WHEREFORE, Plaintiff John W. Keiser, demands judgment against Defendant Hartford Underwriters Insurance Company for the unpaid medical expenses, arising from this personal injury protection claim, any future medical expenses incurred within the two year PIP period, together with costs, and interest as authorized by 21 Del.C §2118B, and pre and post-judgment interest.

### Count II - Bad Faith

14.   Plaintiff John W. Keiser realleges paragraphs 1 through 13 in their entirety and incorporate the same herein by this reference.

15.   Defendant has arbitrarily denied payment of these medical expenses without any reasonable basis and has taken such action in bad faith.

16.   As a direct and proximate result of Defendant's aforesaid actions, Plaintiff John W. Keiser has sustained unpaid medical expenses, financial hardship, emotional distress and

humiliation.

    17.    Defendants action, also violates 21 <u>Del</u>. <u>C</u>. § 2118B as despite timely submission, Defendant did not give its position nor make payment regarding Plaintiffs claims within the required 30 days.

    WHEREFORE, Plaintiff John W. Keiser, demands judgment against Defendant Hartford Underwriters Insurance Company for compensatory damages, punitive damages, costs, pre and post-judgment interest, statutory interest, and attorney's fees pursuant to 21 <u>Del</u>. <u>C</u>. §2118B.

SCHMITTINGER & RODRIGUEZ, P.A.

By: _____
JEFFREY J. CLARK, ESQUIRE
Delaware Bar I.D. #3485
414 South State Street
P.O. Box 497
Dover, Delaware 19903
(302) 674-0140
Attorney for Plaintiff

DATED: 7/27/06
JJC:

## UNPAID MEDICAL EXPENSES FOR JOHN W. KEISER

| | | |
|---|---|---|
| 1. | Christiana Hospital<br>12/18/04 - 8/11/05 | $270,743.66 |
| 2. | Doctors For Emergency Service<br>12/18/04 | $  1,064.00 |
| 3. | Anesthesia Services, PA<br>12/18/04 - 5/10/05 | $ 11,480.00 |
| 4. | Neurosurgery Consultants, PA<br>12/18/04 - 5/10/05 | $ 30,324.00 |
| 5. | X-Ray Associates<br>12/18/04 - 5/13/05 | $  7,827.00 |
| 6. | Christiana Imaging Center<br>1/8/05 | $    497.00 |
| 7. | Physiatrist Associates, P.A.<br>1/17/05 - 5/17/05 | $    370.00 |
| 8. | Infectious Disease Associates<br>1/29/05 - 2/11/05 | $    913.00 |
| 9. | Stevens Television & Telephone Service<br>2/11/05 - 5/4/05 | $    242.50 |
| 10. | Bryn Mawr Hospital<br>2/14/05 - 5/4/05 | $293,066.61 |
| 11. | Paoli Memorial Hospital<br>2/17/05 - 7/07/05 | $ 10,560.00 |
| 12. | Radiology Assoc. Of the Mainline<br>2/17/05 - 7/7/05 | $  1,202.00 |
| 13. | Bryn Mawr Imaging Center<br>2/23/05 - 4/27/05 | $  4,425.00 |
| 14. | Transcare ML, Inc.<br>3/28/05 | $  1,102.00 |
| 15. | Pathology DCLP<br>4/20/05 | $    108.78 |
| 16. | TMS<br>6/7/05 | $     10.30 |
| 17. | Kent Diagnostic Radiology<br>8/22/05 | $    522.00 |

18.  Kent General Hospital
     8/22/05                                    $        5.00

19.  Prescriptions
     8/24/05 - 6/24/06                          $    3,559.31

20.  Family Practice of Woodruff
     12/22/05 - 03/02/06                        $      371.15

21.  Upstate Neurology
     1/5/06. - 3/2/06                           $      368.00

22.  Greenville Memorial Hospital
     02/10/06 - 3/15/06                         $    1,998.70

23.  South Eastern Neurosurgical & Spine
     03/22/06                                   $      189.00

24.  Upstate Medical Rehabilitation
     04/21/06 - 06/23/06                        $      548.00

25.  Hanger Prosthetics & Orthotics            $      132.30
     5/2/06

26.  Jervey Eye Group
     06/16/06                                   $      258.00

27.  Misc. Supplies, etc.
     06/19/06                                   $      150.00

**TOTAL UNPAID MEDICAL EXPENSES:**             **$642,037.31**

EXHIBIT "A"

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| JOHN W. KEISER, | * | C.A. No.: |
| by his Guardian Ad Litem, | * | |
| LAURIE KEISER, | * | NON-ARBITRATION CASE |
| | * | |
| Plaintiff, | * | |
| | * | JURY TRIAL DEMANDED |
| v. | * | |
| | * | |
| HARTFORD UNDERWRITERS | * | |
| INSURANCE COMPANY, | * | |
| a foreign corporation, | * | |
| | * | |
| Defendant. | * | |

## CERTIFICATE OF VALUE

I, Jeffrey J Clark, Esquire, attorney for Plaintiff, hereby certify, in my opinion, that the sum of all damages due Plaintiff is in excess of $100,000.00, exclusive of costs and interest.

SCHMITTINGER & RODRIGUEZ, P.A.

BY: _____
JEFFREY J CLARK, ESQUIRE
Delaware Bar I.D. #3485
414 South State Street
P.O. Box 497
Dover, Delaware 19903
(302) 674-0140
Attorney for Plaintiff

DATED: 7/27/06
JJC:mj

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

JOHN W. KEISER,                    *    C.A. No.:
by his Guardian Ad Litem,          *
LAURIE KEISER,                     *    NON-ARBITRATION CASE
                                   *
              Plaintiff,           *
                                   *    JURY TRIAL DEMANDED
      v.                           *
                                   *
HARTFORD UNDERWRITERS              *
INSURANCE COMPANY,                 *
      a foreign corporation,       *
                                   *    **PLAINTIFF'S ANSWERS TO**
              Defendant.           *    **FORM 30 INTERROGATORIES**

Q.   1.   Give the name and present or last known residential
and employment address and telephone number of each eyewitness to
the incident which is the subject of the litigation.

A.   In addition to the parties to this matter, Thomas R.
Mehrtens, Jr., Sussex Correctional Institution, Building: Medium,
Tier: D, P.O. Box 500, Georgetown, DE 19947, SBI No.: 00353328 and
Orville Mosley, Jr., 3845 Seven Hickories Road, Dover, DE 19901,
(302) 734-8391.

Q.   2. Give the name and present or last known residential
and employment address and telephone number of each person who has
knowledge of the facts relating to the litigation.

A. In addition to the persons identified in the previous
interrogatory answer: personnel of Hartford Insurance Company, 100
Enterprise Drive, P.O. Box 2000, Rockaway, NJ 07866, (800) 766-
9119; personnel of Delaware State Police, including Tfc. Alphonso
Jones, Cpl. Brian C. Talley, Tfc. Angela Garnsey, Sgt. Jahn
Hitchens; personnel of Anesthesia Services, P.A., P.O. Box 827909,

Philadelphia, PA 19182, (800) 222-1442; personnel of Neurosurgery Consultants, PA, C 79 Omega Drive, Newark, DE 19713, (302) 738-9145; personnel of Bryn Mawr Hospital, P.O. Box 8500, Philadelphia, PA 19178, (610) 658-6060; personnel of Bryn Mawr Imaging Center, P.O. Box 7780-1728, Philadelphia, PA 19182-0217, (610) 459-3456; personnel of Christiana Care Health Services, P.O. Box 2653, Wilmington, DE 19805, (302) 623-7000; personnel of Christiana Hospital, Ogletown-Stanton Road, Newark, DE 19718, (302) 733-1000; personnel of Christiana Imaging Center, P.O. Box 827991, Philadelphia, PA 19182; personnel of Doctors for Emergency Service, P.O. Box 3048, Wilmington, DE 19804, (302) 224-5678; personnel of Family Practice of Woodruff, specifically James Gragg, M.D., 246 Pearson Street, Woodruff, SC 29388, (864) 278-6031; personnel of Greenville Hospital, 255 Enterprise Boulevard, Suite 210, Greenville, SC 29615, (864) 454-8611; personnel of Hanger Prosthetics & Orthotics, 2 Butternut Drive, Greenville, SC 29605, (864) 232-0871; personnel of Infectious Disease Associates, Omega Professional Center, J 32 Omega Drive, Newark, DE 19713, (302) 368-3872; personnel of Jervey Eye Group, 1 Doctors Drive, Greenville, SC 29605, (864) 271-3354; personnel of Kent Diagnostic Radiology, 755 Walker Road, Dover, DE 19903, (302) 674-2202; personnel of Kent General Hospital, 640 S. State Street, Dover, DE 19901, (302) 744-7081; personnel of Upstate Medical Rehabilitation, 1003 Grove Road, Greenville, SC 29605, (864) 232-8417; personnel of Paoli Memorial Hospital, P.O. Box 8500-4875, Philadelphia, PA 19178-4875, (610) 658-6060; personnel of Pathology DCLP, P.O. Box 12210, Wilmington, DE 19850, (302) 731

8956; personnel of Physiatrist Associates, P.A., 4735 Ogletown-
Stanton Road, Newark, DE 19713, (302) 623-4144; personnel of
Radiology Associates of the Mainline, P.O. Box 225, Paoli, PA
19301, (800) 347-4219; personnel of South Eastern Neurosurgical &
Spine, 20 Medical Ridge Drive, Greenville, SC 29605, (864) 295-
3600; personnel of Stevens Television & Telephone Service, 520
Orchard Lane, Feasterville, PA 19053, (215) 364-4714; personnel of
TMS, 5792 Widewaters Parkway, Dewitt, NY 13214, (888) 262-0922;
personnel of Transcare ML, Inc., P.O. Box 15146, Newark, NJ 07192-
5146, (800) 794-7936; personnel of Upstate Neurology, 1190B
Haywood Road, Greenville, SC 29615, (864) 284-9974 and personnel
of X-Ray Associates, 7234 Lancaster Pike, Suite 301B, Hockessin,
DE 19707, (302) 234-5800.

Q. 3. Give the names of all persons who have been
interviewed in connection with the above litigation, including the
names and present or last known residential and employment
addresses and telephone numbers of the persons who made said
interviews and the names and present or last known residential and
employment addresses and telephone numbers of persons who have the
original and copies of the interview.

A. None other than reports and records received from
Plaintiff's healthcare providers.

Q. 4. Identify all photographs, diagrams or other
representations made in connection with the matter in litigation,
giving the name and present or last known residential and
employment address and telephone number of the person having the
original and copies thereof. (In lieu thereof, a copy can be

attached).

A.   Plaintiff is in possession of 23 photographs of Defendant's vehicle, 16 photographs depicting Plaintiff John W. Keiser's injuries and, attached hereto, is the fatal accident police report with diagram.

Q.   5. Give the name, professional address and telephone number of all expert witnesses presently retained by the party together with the dates of any written opinions prepared by said expert.  If an expert is not presently retained, describe by type the experts whom the party expects to retain in connection with the litigation.

A. No expert witnesses have been retained to date, but it is anticipated that those health care providers named in answer to Interrogatory No. 2 will be retained to testify regarding the treatment, diagnosis, and prognosis of Plaintiff's injuries.

Q.   6. Give a brief description of any insurance policy, including excess coverage, that is or may be applicable to the litigation, including:

       (a) The name and address of all companies insuring the risk;

       (b) The policy number(s);

       (c) The type of insurance;

       (d) The amounts of primary, secondary and excess coverage.

A.          (a) Hartford Insurance,

       100 Enterprise Drive, P.O. Box 2000,

       Rockaway, NJ 07866. (800) 766-9119;

(b) Claim No. YCH AL 38734;

(c) Automobile insurance;

(d) Amount of Personal Injury Protection (PIP) coverage: To be determined.

Q.   7. Give the name, professional address and telephone number of all physicians, chiropractors, psychologists and physical therapists who have examined or treated you at any time during the ten year period immediately prior to the date of the incident at issue in this litigation.

A.   Dr. Walter B. Omans, Bradford Street, Dover, DE 19901, no longer in practice and Kent General Hospital, 640 S. State Street, Dover, DE 19901, (302) 744-7081.

SCHMITTINGER & RODRIGUEZ, P.A.

BY:_____
JEFFREY J CLARK, ESQUIRE
Delaware Bar I.D. #3485
414 S. State Street
P.O. Box 497
Dover, Delaware 19903-0497
(302) 674-0140
Attorney for Plaintiff

DATED: 7\12\06

**STATE OF DELAWARE**
**UNIFORM TRAFFIC**
**COLLISION REPORT**

124

| ☐ REPORTABLE PROPERTY DAMAGE | ☐ NON-REPORTABLE | | |
| ☐ PERSONAL INJURY | ☐ LATE REPORT | | |
| | ☐ HAZMAT. | TROOP/DEPARTMENT | |
| ☒ FATALITY | ☐ COMM. VEH. | | |

DSP PHO NO. (LEAVE BLANK) 010

| 6. NOTIFIED | 7. ARRIVED | 8. GRID | 9. SECTOR | 12. LIGHT CONDITION |
|---|---|---|---|---|
| 02 37 | 02 49 | 082-214 | 33 | 21 |

13. WEATHER CONDITION 22
14. SURFACE 27

SR 44 CR 49 Hartly Road

| 15. PRIM. CONTRIB. CIRCUM. 16 | 8. SPEED TOO FAST 9. FAIL TO YIELD ROW 10. PASSED STOP SIGN | 11. DISREGARD TRAFFIC SIGNAL 12. DROVE LEFT OF CENTER 13. IMPROPER PASSING | 14. FOLLOWING TOO CLOSE 15. MADE IMPROPER TURN 16. DRIVING UNDER THE INFLUENCE | 17. MECH. DEFECT | 15. TRAFFIC CONTROL 35 | FUNCT. PROPER 1 |

| 17. COLLISION INVOLVED 45 | 18. ON RDWY. 2 | 19. EMERG. RESPON. 2 | 20. 5.0 MILES East | 21. CITY OR TOWN OF: Hartly | 21. COUNTY K | 22. CODE | 23. MILE POINT |

| Mehrtens | Thomas | R |

3034 South State Street

| Camden | DE | 19934 |

| 30. DRIVERS LICENSE NUMBER 1259378 | 31. STATE DE | 32. DOB 040182 | 33. AGE 22 | 34. SEX M | 30. DRIVERS LICENSE NUMBER | 31. STATE | 32. DOB | 33. AGE | 34. SEX |

| 35. SOBRIETY 51 | 36. TESTED 1 | 37. TYPE 54 | RESULT 0 Pend % | TEST NUMBER N/A | 35. SOBRIETY | 36. TESTED | 37. TYPE | RESULT 0 % | TEST NUMBER |

| 2002 | Pontiac | | 41. BODY STYLE 56 | | | | | | 41. BODY STYLE |

| 44. COLOR Black | 45. DAMAGE $10,000 | 46. TRAILERS 0 | | 44. COLOR | 45. DAMAGE | 46. TRAILERS |

| 47. VEHICLE / TRACTOR OWNER: LAST Mehrtens | FIRST Thomas | M.I. R | 47. VEHICLE / TRACTOR OWNER: LAST | FIRST | M.I. |

| 48. STREET 3034 South State Street | CITY Camden | STATE De | 48. STREET | CITY | STATE |

FATAL

| 50. CHARGE / SECTION NUMBER Manslaughter 11/632 0001 BF (X2) | 51. ARREST NO. 187583 | COURT JP7 | | 50. | 51. | COURT |

| 52. NO. 1 TOWED BY: Boyd's Towing | 1 TOWED BY: |
| TO: Boyd's Tow Yard | TO: |

**WITNESS INFORMATION**

17  Grass culvert owned by the State of Delaware, $50 damage
17  Mailbox owned by Ray Willey 6166 Halltown Road Hartly, DE 19953, $20 damage
    Telephone pole # 45539/21749 owned by Conectiv Electric 1-800-375-7117, $500 damage

10  Assault 1st 11/613 00a3 BF   187583 / J7
10  DUI 21/4177a MA 187583 / J7
10  Reckless Driving 21/4175A 187583 / J7
10  Speeding 21/41690a1d 187583 / J7

**GENERAL**
1. YES
2. NO
3. UNKNOWN
4. N/A
5. PENDING
6. NONE
7. OTHER

**12. LIGHT COND.**
18. DAYLIGHT
19. DAWN / DUSK
20. DARK / LIT
21. DARK / UNLIT

**13. WEATHER**
22. CLEAN
23. RAIN
24. SNOW / SLEET
25. FOG
26. CLOUDY

**14. SURFACE**
27. DRY
28. WET
29. SNOWY
30. ICY

**15. CONTROLS**
31. STOP SIGN
32. STOP & GO LIGHT
33. YIELD SIGN
34. WARNING SIGN
35. LANE MARKING
36. FLASHING LIGHT

**17. COLL**
37. MV IN TRANSPORT
38. NON-COLLISION OVERTURN
39. MV ON OTHER ROADWAY
40. PEDESTRIAN
41. PARKED VEHICLE
42. RAILROAD TRAIN
43. PEDALCYCLIST
44. ANIMAL
45. FIXED OBJECT
46. OTHER OBJECT
47. OTHER NON-COLLISION

**25. SOBRIETY**
48. NOT DRINKING
49. HBD NOT IMPAIRED
50. HBD IMPAIRED UNKNOWN
51. UNDER THE INFLUENCE

**37.** 51. FBT  52. FBT
53. BREATH
54. BLOOD
55. URINE

**41. BODY STYLE**
56. PASSENGER CAR
57. PICKUP TRUCK
58. VAN / PANEL TRUCK
59. FARM VEHICLE
60. MOTORCYCLE
61. BUS
62. SCHOOL BUS
63. SEMI TRUCK
64. VEHICLE TRUCK
65. TRACTOR AND SEMI TRLR.

| 56. INVESTIGATING OFFICER Brian C. Tilley | RANK | ID NUMBER Cpl. 7929 | 57. SUPERVISOR'S APPROVAL DATE BO SUS 12/05 | 58. REVIEWER BU 7-05 | 59. PAGE 1 OF 4 |

| ☒ 60. CONTINUATION | **STATE OF DELAWARE** | | 1. | COMPLAINT NO. 03-04-45154 | DSP NO. (LEAVE BLANK) 0010 |
|---|---|---|---|---|---|
| ☐ 80. SUPPLEMENT | **UNIFORM TRAFFIC** DSP 3 | | | | |
| INITIAL REPORT DATE 12 18 04 | **COLLISION REPORT** **INJURY INFORMATION** TROOP/DEPARTMENT | | | | |
| OPERATOR #1 Mehrtens, Thomas R | | | | | |
| OPERATOR #2 | | | | | |

| | 61. NAME: LAST | FIRST | ML | 69. SEX | 70. AGE | 71. VEH# | 72. NO. IN VEH | 73. SEAT# | 74. STATUS | 75. FIRST AID | 76. INJURY CLASS | 77. EJECT | 78-1. RESTR. AINT | 78-2. RESTR. PROPR. | 78-3. PASSIV RESTR. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Mehrtens, | Thomas | R | M | 22 | 1 | 4 | 1 | .66 | 72 | 75 | 80 | 85 | 2 | 6 |
| 62. ADDRESS 3034 South State St.  Camden, DE 19934 | | | | | | | | | | | | | | | |
| 63. PHONE (302) 363-3946 | 64. INJURIES Abrasions to the forehead | | | | | | | | | | | | | 68. HOSPITAL DISPOSITION Treated & Rele | |
| 65. EXAMINED BY DOCTOR: Dr. Johnson | 66. REMOVED 97 | 67. REMOVED TO Kent General Hosp. | | | | | | | | | | | | | |

| | 61. NAME: LAST | FIRST | ML | 69. SEX | 70. AGE | 71. VEH# | 72. NO. IN VEH | 73. SEAT# | 74. STATU S | 75. FIRST AID | 76. INJURY CLASS | 77. EJECT | 78-1. RESTR. AINT | 78-2. RESTR. PROPR. | 78-3. PASSIV RESTR. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Keiser | John | W | M | 21 | 1 | 4 | 4 | 67 | 72 | 76 | 79 | 85 | 2 | 6 |
| 62. ADDRESS 83 Brittney Lane  Hartly DE 19953 | | | | | | | | | | | | | | | |
| 63. PHONE (302) 492-1857 | 64. INJURIES Multiple Trauma | | | | | | | | | | | | | 68. HOSPITAL DISPOSITION Treated & Admi | |
| 65. EXAMINED BY DOCTOR: Dr. Shweiki | 66. REMOVED 99 | 67. REMOVED TO Christiana Hospital | | | | | | | | | | | | | |

| | 61. NAME: LAST | FIRST | ML | 69. SEX | 70. AGE | 71. VEH# | 72. NO. IN VEH | 73. SEAT# | 74. STATU S | 75. FIRST AID | 76. INJURY CLASS | 77. EJECT | 78-1. RESTR. AINT | 78-2. RESTR. PROPR. | 78-3. PASSIV RESTR. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Schuyler | Melanie | A | F | 22 | 1 | 4 | 6 | 67 | 72 | 77 | 79 | 85 | 2 | 6 |
| 62. ADDRESS 2365 Seven Hickories Rd.  Dover, DE 19901 | | | | | | | | | | | | | | | |
| 63. PHONE (302) 698-1541 | 64. INJURIES Multiple Trauma | | | | | | | | | | | | | 68. HOSPITAL DISPOSITION DOPA | |
| 65. EXAMINED BY DOCTOR: Dr. Johnson | 66. REMOVED 7 | 67. REMOVED TO Nanticoke Memorial Hosp. by ME Investigator Brian McCarthy | | | | | | | | | | | | | |

| | 61. NAME: LAST | FIRST | ML | 69. SEX | 70. AGE | 71. VEH# | 72. NO. IN VEH | 73. SEAT# | 74. STATU S | 75. FIRST AID | 76. INJURY CLASS | 77. EJECT | 78-1. RESTR. AINT | 78-2. RESTR. PROPR. | 78-3. PASSIV RESTR. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Nagyiski | Andrea | C | F | 21 | 1 | 4 | 3 | 67 | 72 | 77 | 79 | 85 | 2 | 6 |
| 62. ADDRESS 485 Judith Rd.  Hartly, DE  19953 | | | | | | | | | | | | | | | |
| 63. PHONE (302) 492-3023 | 64. INJURIES Multiple Trauma | | | | | | | | | | | | | 68. HOSPITAL DISPOSITION DOPA | |
| 65. EXAMINED BY DOCTOR: Dr. Johnson | 66. REMOVED 7 | 67. REMOVED TO Nanticoke Memorial Hosp. by ME Investigator Brian McCarthy | | | | | | | | | | | | | |

| | 61. NAME: LAST | FIRST | ML | 69. SEX | 70. AGE | 71. VEH# | 72. NO. IN VEH | 73. SEAT# | 74. STATU S | 75. FIRST AID | 76. INJURY CLASS | 77. EJECT | 78-1. RESTR. AINT | 78-2. RESTR. PROPR. | 78-3. PASSIV RESTR. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | |
| 62. ADDRESS | | | | | | | | | | | | | | | |
| 63. PHONE | 64. INJURIES | | | | | | | | | | | | | 68. HOSPITAL DISPOSITION | |
| 65. EXAMINED BY DOCTOR: | 66. REMOVED | 67. REMOVED TO | | | | | | | | | | | | | |

**FATAL**

| 73. SEAT NUMBER | GENERAL | 76. INJURY CLASS | 78. RESTRAINT (CONT.) | 81. IF PEDESTRIAN INVOLVED PLACE CODE IN BLOCK |
|---|---|---|---|---|
| CAR 1 2 3 / 4 5 6 / 7 8 9 / 10=exterior of veh. SW M/C 1 2 | 1. YES 2. NO 3. UNKNOWN 4. N/A 5. PENDING 6. NONE 7. OTHER | 74. POSSIBLE INJURY 75. NON-INCAPACITATING 76. INCAPACITATING 77. FATAL INJURY | CHILD RESTRAINTS 88. CHILD RESTR. USED 89. OTHER RESTR. USED 90. NONE USED MOTORCYCLE HELMET 91. NONE USED 92. USED | PED#1 04    PED#2 04 |
| | | 77. EJECTION 78. PARTIALLY EJECTED 79. TOTAL EJECTION 80. NO EJECTION | PASSIVE RESTRAINTS 93. AIR BAG DEPLOYED 94. AIR BAG INOPERABLE 95. AUTO RESTR. USED 96. AUTO RESTR. INOPER. | 101. CROSSING AT INTERS. 102. CROSSING NOT AT INTERS. 103. WALKING WITH TRAFFIC 104. WALKING AGAINST TRAFFIC |
| 79. POSTED SPEED LIMIT VEHICLE #1 __50__ VEHICLE #2 __N/A__ VEHICLE #3 __N/A__ VEHICLE #4 __N/A__ | 74. STATUS 66. DRIVER 67. PASSENGER 68. PEDESTRIAN 69. PEDALCYCLIST 75. FIRST AID 70. POLICE 71. FIREMAN 72. AMBULANCE 73. REFUSED | 78. RESTRAINT LAP BELT ONLY 82. FASTENED 83. NOT FASTENED LAP & SHOULDER 84. LAP ONLY USED 85. NEITHER USED 86. SHOULDER ONLY 87. BOTH USED | 88. REMOVED 97. AMBULANCE 98. PARAMEDIC 99. HELICOPTER 100. PRIV. OWNED VEH. | 105. STANDING 106. PUSH OR WORK ON VEH. 107. OTHER WORKING N/A 108. 109. 110. NOT IN ROADWAY ANY |

| INVESTIGATING OFFICER Brian C. Talley | RANK CPL. | ID NUMBER 7057 | 57. SUPERVISOR'S APPROVAL DATE | 58. REVIEWER | 59. PAGE 2 OF 3 |
|---|---|---|---|---|---|







| ☐ 60. CONTINUATION | STATE OF DELAWARE | | 1. COMPLANT NO. | 2. DSP HO NO. (LEAVE BLANK) |
|---|---|---|---|---|
| ☒ 80. SUPPLEMENT | UNIFORM TRAFFIC | DSP3 | | |
| NITIAL REPORT DATE  12 18 04 | COLLISION REPORT CONTINUATION / SUPPLEMENT | TROOP/DEPARTMENT | 03-04-45154 | 0610 |
| OPERATOR #1  Thomas R. Mehrtens | | | | |
| OPERATOR #2 | | | | |

| CODE | 55. |
|---|---|

On 12-18-04 I was dispatched to an unknown accident located on Halltown Rd near Pearson Corner Rd; Hartly. I arrived on the scene along with Tfc. Garnsy and emergency medical personnel. I first proceeded to locate subjects involved in the accident. I then observed a white male located in the ditch breathing and moving. A few feet from the male was a white female unresponsive with no movement. I then located a white female unresponsive with no movement lying near a utility pole. Paramedics on the scene began treatment on the victims.

I immediately began searching the area for any additional victims. I then responded to TFC. Garnsy's patrol vehicle and made contact with a white male who was placed inside the back seat. I asked the subject how many individuals were in the vehicle he stated, "Three others were in the car with me." I asked the subject if he was hurt, he stated, "Yes, I hit my head." I asked the subject again was there any other people in the car and he stated, "It was only the four of us." I then asked subject if he was the driver and he stated, "yes." I asked the subject his name and he stated, "Thomas Mehrtens." I asked him what happened and he stated, "Someone tried to run me off the road." During the interview I did observe a strong smell of an alcohol beverage coming from subject (Mehrtens). Medical team then began to treat subject as well.

Note: The above interview is not verbatim; please refer to videotape #10  (counter start time 08170 to 08281 with a start time of 02:49:37 am) for further details. Tape was logged into the temp evidence locker at Troop 3 at 0613 hours on 12-18-04.

I then proceeded to secure the accident scene until the F.A.I.R. team arrived. Only vehicles that entered the scene were ambulances that were slowly removed from scene to maintain scene integrity. Cpl. Talley of the accident team arrived and I then informed him of the details of the accident. I forwarded all documentation (vehicle registration, insurance card, and personal effects) to Cpl. Talley. I then was instructed to transport fingerprints from the scene to S.B.I. for a positive identification of the victims. After receiving the results I then responded back to troop 3, forwarded the results to the accident team and then was released from duty.

F//A"T A L

| 56. INVESTIGATING OFFICER  Alphonso Jones III | RANK  TfC | IBM NUMBER  3334 | 57. SUPERVISOR'S APPROVAL DATE  VB A  541  12/22 | 58. REVIEWER | 59. PAGE 1 OF 1 |
|---|---|---|---|---|---|

FORM 439 A

| ☐ 60. CONTINUATION | **STATE OF DELAWARE** | | 1. | 2. |
|---|---|---|---|---|
| ☒ 60. SUPPLEMENT | **UNIFORM TRAFFIC** | DSP3 | | |
| NITIAL REPORT DATE 12 18 04 | **COLLISION REPORT** | TROOP/DEPARTMENT | 03-04-45154 | |
| OPERATOR #1 Thomas R. Mehrtens | **CONTINUATION / SUPPLEMENT** | | | |
| OPERATOR #2 | | | | |

| CODE | 55. |
|---|---|

On 12-18-04 I was dispatched to an unknown accident located on Halltown Rd near Pearson Corner Rd, Hartly. I arrived on the scene along with Tfc. Garnsy and emergency medical personnel. I first proceeded to locate subjects involved in the accident. I then observed a white male located in the ditch breathing and moving. A few feet from the male was a white female unresponsive with no movement. I then located a white female unresponsive with no movement lying near a utility pole. Paramedics on the scene began treatment on the victims.

I immediately began searching the area for any additional victims. I then responded to TFC. Garnsy's patrol vehicle and made contact with a white male who was placed inside the back seat. I asked the subject how many individuals were in the vehicle he stated, "Three others were in the car with me." I asked the subject if he was hurt, he stated, "Yes, I hit my head." I asked the subject again was there any other people in the car and he stated, "It was only the four of us." I then asked subject if he was the driver and he stated, "yes." I asked the subject his name and he stated, "Thomas Mehrtens." I asked him what happened and he stated, "Someone tried to run me off the road." During the interview I did observe a strong smell of an alcohol beverage coming from subject (Mehrtens). Medical team then began to treat subject as well.

Note: The above interview is not verbatim; please refer to videotape #10 (counter start time 08170 to 08281 with a start time of 02:49:37 am) for further details. Tape was logged into the temp evidence locker at Troop 3 at 0613 hours on 12-18-04.

I then proceeded to secure the accident scene until the F.A.I.R. team arrived. Only vehicles that entered the scene were ambulances that were slowly removed from scene to maintain scene integrity. Cpl. Talley of the accident team arrived and I then informed him of the details of the accident. I forwarded all documentation (vehicle registration, insurance card, and personal effects) to Cpl. Talley. I then was instructed to transport fingerprints from the scene to S.B.I. for a positive identification of the victims. After receiving the results I then responded back to troop 3, forwarded the results to the accident team and then was released from duty.

FATAL

| 56. INVESTIGATING OFFICER | RANK | IBM NUMBER | 57. SUPERVISOR'S APPROVAL DATE | 58. REVIEWER | 59. PAGE 1 OF 1 |
|---|---|---|---|---|---|

FORM 439 A

| Page: 1 | Report Date: 12/18/2004 | Agency: Troop 3 State Police | | Complaint: 03-04-045154 | 0010 |
|---|---|---|---|---|---|

| Reported Date and Time SAT 12/18/2004 0237 | **Initial Crime Report** | Occurred: SAT 12/18/2004 0235 |
|---|---|---|

Location:
**SR 8 W/O SR 44 5 MILES E/O HARTLY**

M.O. and Incident Overview:
**The defendant, in the course of operating a motor vehicle under the influence of alcohol, killed victim Melanie Schuyler, victim Andrea Nagyiski, and injured John Keiser due to a motor vehicle collision.**

| Grid 082-214 | Sector 31 | County Kent | Domestic Related ☐Yes ☒No | 4-F-14 Sent? ☐Yes ☒No | Gen Broadcast Sent? ☐Yes ☒No |
|---|---|---|---|---|---|

## Victim Information

| Victim Number 001 | Name NAGYISKI, ANDREA C | | | | | |
|---|---|---|---|---|---|---|
| Type Individual | Sex Female | Race White | | Ethnic Origin Non-Hispanic | Age 21 | D.O.B. ▮1983 |
| Address 485 Judith Road Hartly, DE 19953 | | | Resident Status Full Time | Home Telephone (302) 492-3023 | Employer/School | Work Telephone |
| Reporting Person? ☐Yes ☒No | Victim Injured? ☐Yes ☒No | Victim Deceased? ☒Yes ☐No | Officer Comments | | | |
| Injuries | | | Description of Injuries | | | |

| Victim Number 002 | Name SCHUYLER, MELANIE | | | | | |
|---|---|---|---|---|---|---|
| Type Individual | Sex Female | Race White | | Ethnic Origin Non-Hispanic | Age 22 | D.O.B. ▮1982 |
| Address 107 Sparkey Lane Dover, DE 19904 | | | Resident Status Full Time | Home Telephone (302) 698-1541 | Employer/School | Work Telephone |
| Reporting Person? ☐Yes ☒No | Victim Injured? ☐Yes ☒No | Victim Deceased? ☒Yes ☐No | Officer Comments | | | |
| Injuries | | | Description of Injuries | | | |

| Victim Number 003 | Name KEISER, JOHN W | | | | | |
|---|---|---|---|---|---|---|
| Type Individual | Sex Male | Race White | | Ethnic Origin Non-Hispanic | Age 21 | D.O.B. ▮1983 |
| Address 83 Brittney Lane Dover, DE 19901 | | | Resident Status Full Time | Home Telephone (302) 492-1857 | Employer/School | Work Telephone |
| Reporting Person? ☐Yes ☒No | Victim Injured? ☒Yes ☐No | Victim Deceased? ☐Yes ☒No | Officer Comments | | | |
| Injuries | | | Description of Injuries MAJOR HEAD AND BODY TRAUMA | | | |

| Victim Number 004 | Name | | | | | |
|---|---|---|---|---|---|---|
| Type Society/Public | Sex | Race | | Ethnic Origin | Age | D.O.B. |
| Address | | | Resident Status | Home Telephone | Employer/School | Work Telephone |
| Reporting Person? ☐Yes ☒No | Victim Injured? ☐Yes ☒No | Victim Deceased? ☐Yes ☒No | Officer Comments | | | |
| Injuries | | | Description of Injuries | | | |

## Suspect/Defendant Information

| Sequence 001 | Type Defendant | SBI Number 00353328 | Name MEHRTENS, THOMAS R J | | | Nick Name |
|---|---|---|---|---|---|---|
| Sex Male | Race White | Ethnic Origin Non-Hispanic | Age 22 | D.O.B. ▮1982 | Height 5' 08" | Weight 176 | Skin Tone Fair | Eye Color Brown |

| Hair Color Brown | Hair Length | Hair Style | Facial Hair | Voice Speech | Teeth | Build | Glasses |
|---|---|---|---|---|---|---|---|
| Disguise | | Disguise Color(s) | | Resident Status Full Time | Unusual Characteristics | Armed With Unarmed | |
| Address 3034 S STATE ST CAMDEN, DE 19934 | | Home Telephone (302) 363-3946 | | Employer/School A & R SERVICES DOVER, DE 19901 | | | Work Telephone (302) 697-1475 |
| Arrest Number 187583 | Arrest Type Warrant | Suspect's Clothing Description | | | | | |
| Suspect Vehicle | Vehicle Type Passenger Car | Year 2002 | Make and Model or Brand Pontiac Firebird | | | | |

| Reporting Officer CPL/1 TALLEY  - 7937 | Supervisor Approval JAHN HITCHENS PSPT542 Date 12/29/2004 1212 |
|---|---|

| Page: 2 | Report Date: 12/18/2004 | Agency: Troop 3 State Police | Complaint# 03-04-045154 | 0010 |

| Sequence 001 Continued | Suspect/Defendant Information |

| State DE | License 105329 | Exp. Year 2002 | Body Style 2 DR | Color(s) Black |

## Crimes and Associated Information

| Victim Number 001 | Crime Seq 001 | Statute DE:11:0632:0001:F:B | Crime Description Manslaughter Recklessly Caused Death Of Another Person |
|---|---|---|---|
| Location Type Highway/Roadway/Alley | | Status Adult Arrest 12/18/2004 | Involvement ☒Alcohol ☐Drugs ☐Computer | General Offense |
| Suspected Hate/Bias ☐Yes ☒No - N/A | Crime Code 0909 – Homicide/Negligent Manslaughter/Vehicle |
| Burglary Force Involved ☐Yes ☐No | Weapon/Force Used Other | Assault Factor Other Felony Involved | Homicide Circumstance Other Felony Involved | Homicide Situation Multiple Victim |

| Victim Number 002 | Crime Seq 002 | Statute DE:11:0632:0001:F:B | Crime Description Manslaughter Recklessly Caused Death Of Another Person |
|---|---|---|---|
| Location Type Highway/Roadway/Alley | | Status Adult Arrest 12/18/2004 | Involvement ☒Alcohol ☐Drugs ☐Computer | General Offense |
| Suspected Hate/Bias ☐Yes ☒No - N/A | Crime Code 0909 – Homicide/Negligent Manslaughter/Vehicle |
| Burglary Force Involved ☐Yes ☐No | Weapon/Force Used Other | Assault Factor Other Felony Involved | Homicide Circumstance Other Felony Involved | Homicide Situation Multiple Victim |

| Victim Number 003 | Crime Seq 003 | Statute DE:11:0613:00a3:F:B | Crime Description Assault First Degree Conduct Created Risk of Death Caused Serious Injury |
|---|---|---|---|
| Location Type Highway/Roadway/Alley | | Status Adult Arrest 12/18/2004 | Involvement ☐Alcohol ☐Drugs ☐Computer | General Offense |
| Suspected Hate/Bias ☐Yes ☒No - N/A | Crime Code 13234C - Aggravated Assault/Non-Family Other Dangerous Weapon |
| Burglary Force Involved ☐Yes ☐No | Weapon/Force Used Motor Vehicle/Used as Weapon | Assault Factor Other Felony Involved |

| Victim Number 004 | Crime Seq 004 | Statute DE:21:4177:00A1:M: | Crime Description Driving a Vehicle Under the Influence of Alcohol |
|---|---|---|---|
| Location Type Highway/Roadway/Alley | | Status Adult Arrest 12/18/2004 | Involvement ☒Alcohol ☐Drugs ☐Computer | General Offense |
| Suspected Hate/Bias ☐Yes ☒No - N/A | Crime Code 5404 – Driving Under the Influence/Liquor |
| Burglary Force Involved ☐Yes ☐No | | | |

| Victim Number 004 | Crime Seq 005 | Statute DE:21:4175:000A:M: | Crime Description Reckless Driving |
|---|---|---|---|
| Location Type Highway/Roadway/Alley | | Status Adult Arrest 12/18/2004 | Involvement ☒Alcohol ☐Drugs ☐Computer | General Offense |
| Suspected Hate/Bias ☐Yes ☒No - N/A | Crime Code 5405 – Moving Violation/Traffic |
| Burglary Force Involved ☐Yes ☐No | | | |

| Victim Number 004 | Crime Seq 006 | Statute DE:21:4169:0A1D:M: | Crime Description Speeding in Excess of 50 MPH on a 2-Lane Roadway |
|---|---|---|---|
| Location Type Highway/Roadway/Alley | | Status Adult Arrest 12/18/2004 | Involvement ☒Alcohol ☐Drugs ☐Computer | General Offense |
| Suspected Hate/Bias ☐Yes ☒No - N/A | Crime Code 5405 – Moving Violation/Traffic |
| Burglary Force Involved ☐Yes ☐No | | | |

## Victim - Suspect/Defendant Relationships

| Victim - 001 NAGYISKI, ANDREA C | Suspect/Defendant - 001 MEHRTENS, THOMAS R J | Victim Offender Relationship Acquaintance |
|---|---|---|
| Victim - 002 SCHUYLER, MELANIE | Suspect/Defendant - 001 MEHRTENS, THOMAS R J | Victim Offender Relationship Acquaintance |
| Victim - 003 KEISER, JOHN W | Suspect/Defendant - 001 MEHRTENS, THOMAS R J | Victim Offender Relationship Acquaintance |
| Victim - 004 Society/Public | Suspect/Defendant - 001 MEHRTENS, THOMAS R J | Victim Offender Relationship Victimless Crime |

## Investigative Narrative

See report for narrative.

| Reporting Officer CPL/1 TALLEY - 7937 | Supervisor Approval JAHN HITCHENS PSPT542 Date 12/29/2004 1212 |

| Page: 1 | Report Date: 12/18/2004 | Agency: Troop 3 State Police | | Complaint: 03-04-045154 | *0010* |
|---|---|---|---|---|---|

| Reported Date and Time SAT 12/18/2004  0237 | Initial Crime Report | Occurred: SAT 12/18/2004  0235 |
|---|---|---|

Location:
**SR 8 W/O SR 44 5 MILES E/O HARTLY**

M.O. and Incident Overview:
**The defendant, in the course of operating a motor vehicle under the influence of alcohol, killed victim Melanie Schuyler, victim Andrea Nagyiski, and injured John Keiser due to a motor vehicle collision.**

| Grid 082-214 | Sector 31 | County Kent | Domestic Related ☐Yes ☒No | 4-F-14 Sent? ☐Yes ☒No | Gen Broadcast Sent? ☐Yes ☒No |
|---|---|---|---|---|---|

## Victim Information

| Victim Number 001 | Name NAGYISKI, ANDREA C | | | | | |
|---|---|---|---|---|---|---|
| Type Individual | Sex Female | Race White | | Ethnic Origin Non-Hispanic | Age 21 | D.O.B. ██/1983 |

| Address 485 Judith Road Hartly, DE 19953 | Resident Status Full Time | Home Telephone (302) 492-3023 | Employer/School | Work Telephone |
|---|---|---|---|---|

| Reporting Person? ☐Yes ☒No | Victim Injured? ☐Yes ☒No | Victim Deceased? ☒Yes ☐No | Officer Comments |
|---|---|---|---|

| Injuries | Description of Injuries |
|---|---|

| Victim Number 002 | Name SCHUYLER, MELANIE | | | | | |
|---|---|---|---|---|---|---|
| Type Individual | Sex Female | Race White | | Ethnic Origin Non-Hispanic | Age 22 | D.O.B. ██/1982 |

| Address 107 Sparkey Lane Dover, DE 19904 | Resident Status Full Time | Home Telephone (302) 698-1541 | Employer/School | Work Telephone |
|---|---|---|---|---|

| Reporting Person? ☐Yes ☒No | Victim Injured? ☐Yes ☒No | Victim Deceased? ☒Yes ☐No | Officer Comments |
|---|---|---|---|

| Injuries | Description of Injuries |
|---|---|

| Victim Number 003 | Name KEISER, JOHN W | | | | | |
|---|---|---|---|---|---|---|
| Type Individual | Sex Male | Race White | | Ethnic Origin Non-Hispanic | Age 21 | D.O.B. ██/1983 |

| Address 83 Brittney Lane Dover, DE 19901 | Resident Status Full Time | Home Telephone (302) 492-1857 | Employer/School | Work Telephone |
|---|---|---|---|---|

| Reporting Person? ☐Yes ☒No | Victim Injured? ☒Yes ☐No | Victim Deceased? ☐Yes ☒No | Officer Comments |
|---|---|---|---|

| Injuries | Description of Injuries MAJOR HEAD AND BODY TRAUMA |
|---|---|

F/A/T/A/L

| Victim Number 004 | Name | | | | | |
|---|---|---|---|---|---|---|
| Type Society/Public | Sex | Race | | Ethnic Origin | Age | D.O.B. |

| Address | Resident Status | Home Telephone | Employer/School | Work Telephone |
|---|---|---|---|---|

| Reporting Person? ☐Yes ☒No | Victim Injured? ☐Yes ☒No | Victim Deceased? ☐Yes ☒No | Officer Comments |
|---|---|---|---|

| Injuries | Description of Injuries |
|---|---|

## Suspect/Defendant Information

| Sequence 001 | Type Defendant | SBI Number 00353328 | Name MEHRTENS, THOMAS R J | | Nick Name |
|---|---|---|---|---|---|
| Sex Male | Race White | Ethnic Origin Non-Hispanic | Age 22 | D.O.B. ██/1982 | Height 5' 08" | Weight 176 | Skin Tone Fair | Eye Color Brown |

| Hair Color Brown | Hair Length | Hair Style | Facial Hair | Voice Speech | Teeth | Build | Glasses |
|---|---|---|---|---|---|---|---|

| Disguise | Disguise Color(s) | Resident Status Full Time | Unusual Characteristics | Armed With Unarmed |
|---|---|---|---|---|

| Address 3034 S STATE ST CAMDEN, DE 19934 | Home Telephone (302) 363-3946 | Employer/School A & R SERVICES DOVER, DE 19901 | Work Telephone (302) 697-1475 |
|---|---|---|---|

| Arrest Number 187583 | Arrest Type Warrant | Suspect's Clothing Description | |
|---|---|---|---|

| Suspect Vehicle | Vehicle Type Passenger Car | Year 2002 | Make and Model or Brand Pontiac Firebird |
|---|---|---|---|

| Reporting Officer CPL/1 TALLEY  - 7937 | Supervisor Approval JAHN HITCHENS PSPTS42 Date 12/29/2004 1212 |
|---|---|

| Page: 2 | Report Date: 12/18/2004 | Agency: Troop 3 State Police | Complaint: 03-04-045154 | *0010* |
|---|---|---|---|---|

| Sequence 001 Continued | Suspect/Defendant Information |
|---|---|

| State DE | License 105329 | Exp. Year 2002 | Body Style 2 DR | Color(s) Black |
|---|---|---|---|---|

## Crimes and Associated Information

| Victim Number 001 | Crime Seq 001 | Statute DE:11:0632:0001:F:B | Crime Description Manslaughter Recklessly Caused Death Of Another Person |
|---|---|---|---|

| Location Type Highway/Roadway/Alley | Status Adult Arrest 12/18/2004 | Involvement ☒Alcohol ☐Drugs ☐Computer | General Offense |
|---|---|---|---|

| Suspected Hate/Bias ☐Yes ☒No - N/A | Crime Code 0909 - Homicide/Negligent Manslaughter/Vehicle |
|---|---|

| Burglary Force Involved ☐Yes ☐No | Weapon/Force Used Other | Assault Factor Other Felony Involved | Homicide Circumstance Other Felony Involved | Homicide Situation Multiple Victim |
|---|---|---|---|---|

| Victim Number 002 | Crime Seq 002 | Statute DE:11:0632:0001:F:B | Crime Description Manslaughter Recklessly Caused Death Of Another Person |
|---|---|---|---|

| Location Type Highway/Roadway/Alley | Status Adult Arrest 12/18/2004 | Involvement ☒Alcohol ☐Drugs ☐Computer | General Offense |
|---|---|---|---|

| Suspected Hate/Bias ☐Yes ☒No - N/A | Crime Code 0909 - Homicide/Negligent Manslaughter/Vehicle |
|---|---|

| Burglary Force Involved ☐Yes ☐No | Weapon/Force Used Other | Assault Factor Other Felony Involved | Homicide Circumstance Other Felony Involved | Homicide Situation Multiple Victim |
|---|---|---|---|---|

| Victim Number 003 | Crime Seq 003 | Statute DE:11:0613:00a3:F:B | Crime Description Assault First Degree Conduct Created Risk of Death Caused Serious Injury |
|---|---|---|---|

| Location Type Highway/Roadway/Alley | Status Adult Arrest 12/18/2004 | Involvement ☒Alcohol ☐Drugs ☐Computer | General Offense |
|---|---|---|---|

| Suspected Hate/Bias ☐Yes ☒No - N/A | Crime Code 13234C - Aggravated Assault/Non-Family Other Dangerous Weapon |
|---|---|

| Burglary Force Involved ☐Yes ☐No | Weapon/Force Used Motor Vehicle/Used as Weapon | Assault Factor Other Felony Involved |
|---|---|---|

| Victim Number 004 | Crime Seq 004 | Statute DE:21:4177:00A1:M: | Crime Description Driving a Vehicle Under the Influence of Alcohol |
|---|---|---|---|

| Location Type Highway/Roadway/Alley | Status Adult Arrest 12/18/2004 | Involvement ☒Alcohol ☐Drugs ☐Computer | General Offense |
|---|---|---|---|

| Suspected Hate/Bias ☐Yes ☒No - N/A | Crime Code 5404 - Driving Under the Influence/Liquor |
|---|---|

| Burglary Force Involved ☐Yes ☐No |
|---|

| Victim Number 004 | Crime Seq 005 | Statute DE:21:4175:000A:M: | Crime Description Reckless Driving |
|---|---|---|---|

| Location Type Highway/Roadway/Alley | Status Adult Arrest 12/18/2004 | Involvement ☒Alcohol ☐Drugs ☐Computer | General Offense |
|---|---|---|---|

| Suspected Hate/Bias ☐Yes ☒No - N/A | Crime Code 5405 - Moving Violation/Traffic |
|---|---|

| Burglary Force Involved ☐Yes ☐No |
|---|

F/ATAL

| Victim Number 004 | Crime Seq 006 | Statute DE:21:4169:0A1D:M: | Crime Description Speeding in Excess of 50 MPH on a 2-Lane Roadway |
|---|---|---|---|

| Location Type Highway/Roadway/Alley | Status Adult Arrest 12/18/2004 | Involvement ☒Alcohol ☐Drugs ☐Computer | General Offense |
|---|---|---|---|

| Suspected Hate/Bias ☐Yes ☒No - N/A | Crime Code 5405 - Moving Violation/Traffic |
|---|---|

| Burglary Force Involved ☐Yes ☐No |
|---|

## Victim - Suspect/Defendant Relationships

| Victim - 001 NAGYISKI, ANDREA C | Suspect/Defendant - 001 MEHRTENS, THOMAS R J | Victim Offender Relationship Acquaintance |
|---|---|---|
| Victim - 002 SCHUYLER, MELANIE | Suspect/Defendant - 001 MEHRTENS, THOMAS R J | Victim Offender Relationship Acquaintance |
| Victim - 003 KEISER, JOHN W | Suspect/Defendant - 001 MEHRTENS, THOMAS R J | Victim Offender Relationship Acquaintance |
| Victim - 004 Society/Public | Suspect/Defendant - 001 MEHRTENS, THOMAS R J | Victim Offender Relationship Victimless Crime |

## Investigative Narrative

See report for narrative.

| Reporting Officer CPL/1 TALLEY - 7937 | Supervisor Approval JAHN HITCHENS PSPT542 Date 12/29/2004 1212 |
|---|---|

0010

| SUMMARY REPORT | | |
|---|---|---|
| INITIAL REPORT DATE:<br>121804    I. | UNIFORM TRAFFIC COLLISION REPORT | COMPLAINT NUMBER:<br>03-04-45154 |
| OPERATOR #1<br>Mehrtens, Thomas | FATAL MOTOR VEHICLE COLLISION | DSP TROOP 3 |
| OPERATOR #2<br>N/A | | DSP HQ NO. |

# I. UNIFORM TRAFFIC COLLISION REPORT

The Uniform Traffic Collision Report is attached separately.

# II. DESCRIPTION OF COLLISION

## A. SYNOPSIS
### 1. VICTIM AND INJURED:



Victim #1 (Passenger #1, R/R seat), Melanie A. Schuyler, WF 22, DOB ████/1982 of 2365 Seven Hickories Road, Dover, Delaware 19901. The victim sustained multiple traumatic injuries including cerebral contusions and hemorrhage with a fracture to the skull due to blunt force trauma from the motor vehicle collision.

Victim #2 (Passenger #2, R/F seat), Andrea C. Nagyiski, WF 21, DOB ████/1983 of 485 Judith Road, Hartly, Delaware 19953. The victim sustained multiple traumatic injuries due to blunt force trauma from the motor vehicle collision.

Injured #1 (Operator #1), Thomas R. Mehrtens, WM 22, DOB ████/1982 of 3034 South State Street, Camden, Delaware 19934. The operator sustained an abrasion to the forehead.

Injured #2 (Passenger #3, L/R seat), John W. Keiser, WM 21, DOB ████/1983 of 83 Brittney Lane, Hartly, Delaware 19953. Injured #2 sustained massive head and body trauma due to blunt force trauma.
There were no fires or explosions involved in this collision.

### 2. VEHICLE(S) / OPERATOR(S) INVOLVED, INSURANCE INFORMATION:

### VEHICLE #1:

2002 Pontiac Firebird, Black in Color, Vin #2G2FV22G322160509, bearing DE registration 105329. Vehicle #1 was registered to Thomas R. Mehrtens of 3034 South State Street, Camden, Delaware 19934. Hartford Underwriters Insurance Company insured V1. The policy was valid at the time of the collision, policy #44 UEC GF0579.

| 56. INVESTIGATING OFFICER    RANK    ID NUMBER | 57. SUPERVISOR'S APPROVAL DATE | 58. REVIEWER | 59. |
|---|---|---|---|
| Brian C. Talley  Cpl./1  937 | BH 542  12/25 | | PAGE # 3 of 9 |

*0010*

Thomas Mehrtens was the operator of Vehicle #1; he carried a valid Delaware
Class D driver's license, number 1259378.

### 3. DESCRIPTION OF SCENE:

The collision occurred on SR 8, Halltown Road just west of Hartly Road, SR 44.
SR 8 is a two-lane roadway that runs east and west. There was no street lighting in the
area of the collision. The roadway is constructed of asphalt. The roadway, which has a
width of 22'9", is marked with a broken yellow line, at the location of the first POI. The
curve prior to the collision is marked with a solid double yellow, which prohibits passing
in either direction. There is a 9'3" asphalt shoulder on the south edge of the roadway and
an 8' shoulder on the N/EOR in the area of the collision. Prior to the collision, the
roadway curves to the left. After exiting the curve, the roadway becomes straight and is
marked with a broken yellow line, which allows passing for vehicles traveling eastbound.
The geographical description of the area would be considered rural. A tree line borders
the north edge of the road prior to the curve, which lead to the front lawn of individual
residences. On the south side of the road there is a grass ditch, which also leads to the
front lawn of individual residences. Investigation revealed that V1 had turned off of
Brittney Lane prior to the collision. Brittney Lane is a north/south roadway that intersects
with SR 8 approximately a half mile west of the collision scene. SR 44 is approximately
.2 miles east of the collision scene.

The sky was clear and the roadway was dry when the collision occurred. The
weather was cold, approximately 20 degrees.

I approached the scene from the east. The fire police blocked the roadway at the
intersection E/O the collision. All traffic was being re-routed to preserve the crime scene.
The speed in the area of the collision is posted at 50 mph. I noticed what appeared to have
been critical speed scuff marks in the eastbound lane of travel which left the S/EOR in the
grass ditch. There were also scuff marks on the south edge of the shoulder as you exit the
curve. There was vehicle debris and damaged tree limbs leading up to the FRP of the
vehicle.

The vehicle was located approximately 19' S/O the S/EOR. The vehicle had
severe front end and right side damage. Victim #1, Melanie Schuyler, was lying in the
ditch on the S/EOR just prior to the FRP of the vehicle. Victim #2, Andrea Nagyiski, was
lying next to the telephone pole on the S/EOR approximately 80' W/O FRP of V1. The
victim's were left on scene until the arrival of the Medical Examiner, Brian McCarthy.

Hartly volunteer fire and rescue crews/vehicles were on scene upon my arrival. A
fire truck light tower illuminated the vehicle. The medics had departed the scene. The
operator was transported to Kent General Hospital. The other passenger, John Keiser, was
flown to Christiana Hospital prior to my arrival.

### 4. HOW AND WHY COLLISION OCCURRED:

V1 was E/B on SR 8 exiting a curve at a high rate of speed. After V1 exited the
curve, V1 left the S/EOR and traveled onto the shoulder. Operator #1 attempted to hold
the vehicle on the roadway by steering left. This causes V1 to travel from the shoulder
across the E/B lane and into the W/B lane. As V1 enters the westbound lane operator



*0010*

realizes that he has overcorrected and steers the vehicle back to the right. Due to the vehicle penetrating the westbound lane and operator steering back to the right, the vehicle began to yaw clockwise. V1 then travels across the E/B lane and onto the shoulder. V1 continued off the shoulder and into a ditch striking a wooden construction sign and a mailbox for POI #1, 12'S/O S/EOR. V1 continued E/B striking the driveway culvert with the front end for POI #2, 12' S/O S/EOR, 53' E/O POI #1. V1 began to rotate and turn on its right side. The vehicle then dug into the ground for POI #3, 18' S/O S/EOR, causing the vehicle to flip over ejecting the passengers. V1 slid across the grass until it came to rest facing south for FRP, 19' S/O S/EOR. The total distance from POI #1 to FRP is approximately 340'.

### 5. EMERGENCY RESPONSE:

Medic Unit #66, consisting of David Abramson and Douglas Haddad was dispatched to the scene at 0241 hrs. They arrived at the scene at 0258 hrs. Medic Unit #67 was dispatched at 0241 and arrived at the scene at 0254. Hartly Fire and Rescue, Station 51, was dispatched to the scene at 0241 hrs. Ambulance Unit C51 was also dispatched at that time. Their Ambulances, A51 and B51 were dispatched at 0245. The Fire and Rescue arrived at 0253 hrs. Ambulance C51 arrived at 0250, Ambulance A51 arrived at 0301 and Ambulance B51 arrived at 0249 hrs. Ambulance B51 departed the scene at 0308 hrs with the Operator #1 and arrived at Kent General Hospital at 0316 hrs. Ambulance's A51 and C51 did not transport anyone from the scene. They cleared the scene at 0308 hrs after the paramedics pronounced the operator dead. The two passengers were left at the scene until the arrival of the State Police Accident Investigation Team. The Delaware State Police Helicopter, Trooper 4 was dispatched at 0241 and arrived on scene at 0302. Trooper 4 departed the scene at 0335 hrs and transported the passenger, John Keiser, to Christiana Hospital. Trooper 4 arrived at Christiana Hospital at 0352. For further information, see computer printouts from Kent County Dispatch Center.

### B. INVESTIGATIVE ACTION

#### 1. CAUSE OF DEATH

#### A. PRONOUNCED BY, DATE & TIME:

Melanie A. Schuyler and Andrea C. Nagyiski were pronounced dead at the scene by Dr. Johnson of the Kent General Hospital Staff. He used information relayed from the paramedic to pronounce the victims dead at 0318 hrs.

#### B. MEDICAL EXAMINER INVESTIGATOR:

Mr. Brian McCarthy, Forensic Investigator, with the Medical Examiner's Office in Seaford arrived at the scene on Saturday, December 18, 2004 at 0530 hrs. He transported the victims from the scene to the Medical Examiners Office at Nanticoke Memorial Hospital.

*0010*

COMPLAINT NUMBER: 03-04-45154
**SUMMARY REPORT** *(Continued)*          Page #7

## 5. PHOTOGRAPHS:

Sixty photographs were taken of the scene during the initial investigation. They were taken under nighttime and daytime conditions. Twelve photographs were taken of the vehicle on the day of the vehicle inspection. A video was taken of the scene during the initial investigation.

*Photographs are on file at the Troop #3 F.A.I.R. Office. Copies may be obtained by obtaining a subpoena.*

## 6. ASSISTING POLICE OFFICERS:

Tfc. Alphonso Jones #334, DSP Troop 3 Traffic, was the first Trooper at the scene. He arrived at the scene at 0249 hrs. Tfc. Jones made contact with Thomas Mehrtens at which time Mehrtens stated that he was the driver of the vehicle. He secured the scene until arrival of the F.A.I.R. Team. (See traffic Supplement for further details).

Tfc. Angela Garnsey #377, DSP Troop 3 Traffic, was the second Trooper on scene. She arrived on scene at 0249 hrs and contacted Def. Thomas Mehrtens who was the operator of the vehicle. Tfc. Garnsey transported Operator #1 to Kent General Hospital and was present at the time blood was drawn from Operator #1. (See AIR report and supplement prepared by Tfc. Garnsey).

Sgt. Jahn Hitchens #542, DSP Troop 3 F.A.I.R, responded to the scene. He began assisting with processing the scene and taking a video of the scene. Sgt. Hitchens assisted with the reconstruction measurements and was the operator of the total station used to shoot the scene. He also interviewed the defendant at the troop. (See taped statement and AIR report prepared by Sgt. Hitchens).

## 7. EVIDENCE / PROPERTY RECEIPTS:

Tfc. Garnsey responded to Kent General Hospital and had blood obtained from Operator #1. The two blood kit numbers were S-0433 and S-0434. The blood kits were transported back to Troop 3 and stored in the temporary evidence refrigerator.

Tfc. Jones removed the videotape from his patrol vehicle and stored it in the Troop 3 temporary evidence locker on 12-18-04 at 0613 hours.

## C. INTERVIEWS
### 1. PRINCIPLES:

Interview Operator#1:

Operator #1 was interviewed at Troop 3 by Sgt. Jahn Hitchens. Operator #1 was read his Miranda Rights at which time he advised he understood and would answer questions. Operator #1 stated that he was the operator of the vehicle at the time of the collision. He stated that all the passengers, Melanie Schuyler, Andrea Nagyiski, and John Keiser were all in the vehicle during the collision. Operator #1 admitted to drinking

*0010*

COMPLAINT NUMBER: 03-04-45154

**SUMMARY REPORT** *(Continued)*          Page #8

alcoholic beverages prior to driving. Operator #1 advised that he was traveling approximately 60 mph. Operator #1 also stated that an unknown vehicle ran him off the road. (See taped interview for further details).

## 2. WITNESSES AND OTHER PC'S:

PC-1 Orville Mosley Jr. 3845 Seven Hickories Road, Dover, DE 19901 (H) 734-8391, (C) 399-8650. PC-1 stated that he and his girlfriend were traveling E/B on SR 8 and came upon clumps of mud in the roadway and then observed a male subject standing in the ditch. PC-1 turned around and saw the vehicle facing S/B in the wooded area. PC-1 advised that there was still steam and heat coming from the vehicle. PC-1 contacted the male subject that was standing in the ditch who advised that he was looking for the other occupants in the vehicle. PC-1 then observed a female subject that appeared dead lying in the ditch. He also observed a female subject wrapped around the telephone pole. PC-1 advised that the male subject moved the body away from the telephone pole prior to police arrival. PC-1 advised that the male subject advised him that a vehicle ran him off the road. PC-1 stated that he traveled E/B on SR 8 from Hourglass Road and did not pass any vehicles prior to arriving at the scene.

## D. RECONSTRUCTION RESULTS:

This collision was reconstructed in an attempt to obtain a speed on Vehicle #1. After exiting the curve, V1 left critical speed scuff marks in the roadway while attempting to steer through the curve. I used the Critical Speed formula to obtain the speed of V1. I used the cord measurement of 70' and a middle ordinate measurement of 5 ¾ " to calculate a speed of 115 mph in a posted 50 mph zone. I used the drag factor of .78, which was obtained by using the VC 2000.

## E. PROSECUTIVE ACTION:

Operator #1 Thomas Mehrtens was arrested for two counts of Manslaughter, Assault 1st, Driving Under the Influence, Reckless Driving and Speeding. Operator #1 was arraigned at Court 7 before of Judge Darling. He posted a $91,350 secured bond and was released.

## F. INVESTIGATOR'S OPINION AND COMMENTS:

After consideration of the facts of this collision, I believe that V1 was traveling E/B on SR 8 exiting a left curve in the roadway at a high rate of speed. Operator was unable to negotiate the left curve and began to leave the S/EOR. Operator corrected the vehicle to the left with the vehicle tires beginning to scuff. After returning to the E/B lane and started to enter the W/B lane, he steered back to the right in an attempt to remain in the E/B lane. Operator overcorrected to the right causing the vehicle to rotate clockwise. Operator again caused the vehicle tires to scuff as it rotated clockwise. At this point, the vehicle became uncontrollable and left the S/EOR across the shoulder striking a ditch/highway sign. The vehicle slid along the ditch approximately 53' before striking a

OO1C

COMPLAINT NUMBER: 03-04-45154
**SUMMARY REPORT** *(Continued)*          Page #9

culvert. The vehicle then continued sliding and overturning. The three passengers were ejected as the vehicle overturned. There was no evidence of braking on the road before leaving the edge of the roadway. The vehicle overturned and ejected the three passengers, killing two of them.

   Alcohol was a major contributing factor. His preliminary blood alcohol reading was a .15%. The level of intoxication along with the high rate of speed was the cause of the collision. No one in the vehicle was wearing their seatbelt.





























*0010*

### C. AUTOPSY:

Dr Judith Tobin, Assistant Medical Examiner at Nanticoke Memorial Hospital performed an Autopsy on Saturday, December 18, 2004 at 1000 hrs on Victim Andrea Nagyiski. Dr. Tobin determined the cause of death to be multiple traumatic injuries due to blunt force trauma.

Dr. Tobin also performed an Autopsy on Saturday, December 18, 2004 at 1145 hrs on Victim Melanie Schuyler. Dr. Tobin determined the cause of death to be multiple traumatic injuries including cerebral contusions and hemorrhage and several fractures to the skull due to blunt force trauma.

Present at the autopsy were Dr. Tobin, Brian McCarthy, ME Investigator, and Cpl/1 Robert Daddio, DSP Troop 3 Evidence Detection Unit.

### D. METHOD OF IDENTIFICATION:

The victim, Melanie Schuyler, was identified at the scene by a Delaware driver's license photograph, which was located on the DMV file. Victim #2 Andrea Nagyiski was identified by her fingerprints located on file at the State Bureau of Identification.

### 2. NEXT OF KIN NOTIFIED:

Cpl/3 Rebecca Gulledge, DSP Troop 3 Victim Services Officer, responded to the scene and obtained information about the investigation. She then traveled to 2365 Seven Hickories Road to notify and render services to the Schuyler family. She also responded to 485 Judith Road to notify the Nagyiski family.

### 3. EXAMINATION OF VEHICLE:

Mr. Kevin Covey, DSP Troop 3 mechanic, conducted an examination/inspection of the vehicle at the Delaware State Police Headquarters on Monday, December 27, 2004 at 0900. I was present with Mr. Covey during the inspection. The vehicle was equipped with four BF Goodrich G-Force tires of uniform size. All of the tires had a 6/32nd tread depth. The R/front and R/rear tires were flat from the collision. The L/front had 26 lbs of air pressure and the L/rear had 22 lbs of pressure. Disc brakes were observed on the front and rear wheels. There was no leakage near the brakes. The engine area was completely damaged due to the impact. I located the reservoir levels for the power steering and power brakes. Both were full. There were no discrepancies noted that could have caused this collision.

### 4. DRINK INVESTIGATION:

Alcohol does appear to have been a factor in this collision. A blood alcohol test was obtained at Kent General Hospital and has been sent to the DSP State Chemist Office to be analyzed. A preliminary result from Kent General Hospital indicated Operator #1's BAC was a .15%.
















































IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| JOHN W. KEISER, | * | C.A. No.: |
| by his Guardian Ad Litem, | * | |
| LAURIE KEISER, | * | NON-ARBITRATION CASE |
| | * | |
| Plaintiff, | * | |
| | * | JURY TRIAL DEMANDED |
| v. | * | |
| | * | |
| HARTFORD UNDERWRITERS, | * | |
| INSURANCE COMPANY, | * | **PLAINTIFF'S RESPONSE** |
| a foreign corporation, | * | **TO REQUEST FOR PRODUCTION** |
| | * | **OF DOCUMENTS PURSUANT TO** |
| Defendant. | * | **CIVIL RULE 3(h)** |

COMES NOW, the Plaintiff, by and through his attorneys, Schmittinger & Rodriguez, P.A. And hereby respond to production of documents required by Rule 3 (h) as follows:

1.    Plaintiff does maintain a claim for medical expenses incurred as a result of the injuries at issue.  The unpaid medical bills currently in Plaintiff's possession which total $642,037.31 will be provided to defense counsel without further request once an entry of appearance in made.

SCHMITTINGER & RODRIGUEZ, P.A.

By: _____

JEFFREY J CLARK, ESQUIRE
Delaware Bar I.D. #3485
414 South State Street
P.O. Box 497
Dover, Delaware 19903
(302) 674-0140
Attorney for Plaintiff

DATED: 7|27|06

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| JOHN W. KEISER,<br>by his Guardian Ad Litem,<br>LAURIE KEISER, | * <br> * <br> * <br> * | C.A. No.:<br><br>NON-ARBITRATION CASE |
| Plaintiff, | * <br> * | <br>JURY TRIAL DEMANDED |
| v. | * <br> * | |
| HARTFORD UNDERWRITERS<br>INSURANCE COMPANY,<br>   a foreign corporation, | * <br> * <br> * <br> * | **PLAINTIFF'S RESPONSE TO**<br>**REQUEST FOR PRODUCTION**<br>**PURSUANT TO CIVIL RULE** |
| Defendant. | * | **16.1 (f) (1)** |

COMES NOW, the Plaintiffs, by and through their attorneys, Schmittinger and Rodriguez, P.A., and hereby responds to production of documents required by Rule 16.1 as follows;

1.    Copies of all medical records in relation to the accident currently in Plaintiff's possession will be provided to defense counsel without further request once an entry of appearance in made.

SCHMITTINGER & RODRIGUEZ, P.A.

By: _____
JEFFREY J CLARK, ESQUIRE
Delaware Bar I.D. #3485
414 South State Street
P.O. Box 497
Dover, Delaware 19903
(302) 674-0140
Attorney for Plaintiff

DATED: 7/27/06

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| JOHN W. KEISER, | * | C.A. No.: |
| by his Guardian Ad Litem, | * | |
| LAURIE KEISER, | * | NON-ARBITRATION CASE |
| | * | |
| Plaintiff, | * | |
| | * | JURY TRIAL DEMANDED |
| v. | * | |
| | * | |
| HARTFORD UNDERWRITERS | * | |
| INSURANCE COMPANY, | * | |
| a foreign corporation, | * | |
| | * | |
| Defendant. | * | |

## MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM

COMES NOW, John W. Keiser, by and through his attorneys, Schmittinger and Rodriguez, P.A., and makes it known to this Court that the Plaintiff John W. Keiser is a mentally disabled adult of approximately 23 years of age and he does not have a duly appointed representative in this action. Laurie Keiser, as the natural mother of Plaintiff John W. Keiser, hereby moves the Court to be appointed as Guardian Ad Litem for the aforesaid disabled adult pursuant to Civil Rule 17(c) of this Court. In support thereof, Movant states as follows:

1.    Plaintiff John W. Keiser was disabled in a car accident on December 18, 2005. "See Ex. A"

2.    Pursuant to a Chancery Court Order dated March 4, 2005, Laurie Keiser was appointed guardian of his person.  Ex. B"

3.    As Plaintiff and his mother moved to South Carolina, his mother is in the process of closing the Delaware guardianship and opening a South Carolina guardianship.

4.    As Plaintiff was rendered mentally disabled as a result of the collision, he will require a guardian ad litem to assist in prosecuting this matter.

SCHMITTINGER & RODRIGUEZ, P.A.

BY:_____
    JEFFREY J CLARK, ESQUIRE
    Delaware Bar I.D. #3485
    414 S. State Street
    P.O. Box 497
    Dover, Delaware 19903-0497
    (302) 674-0140
    Attorney for Plaintiff

Dated: 7/27/06
JJC:mj

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR _____ COUNTY

IN THE MATTER OF:

John William Keiser _____

### PHYSICIAN'S AFFIDAVIT

I, Fred Giberson _____, M.D., do hereby depose and say that:

    1.    I am a physician duly licensed to practice medicine in the State of Delaware.

    2.    The only relationship between the above-named person and myself is that of physician and patient.

    3.    I last examined the disabled person on the 26 day of January, 2005, and in my medical opinion (s)he needs a guardian of his/her person because by reason of mental incapacity and/or physical incapacity, (s)he is in danger of (circle one) [substantially endangering his (her) health] OR [becoming subject to abuse by other persons] OR [becoming the victim of designing persons].

    4.    The particulars of the alleged mental and/or physical incapacity are set forth in detail as follows:

Patient suffered severe traumatic brain injury on 12/18/05 after a motor vehicle accident. He suffered a subdural hematoma, a subarachnoid hemorrhage and diffuse axonal injury in addition to multiple orthopedic injuries. These injuries leave him incapacitated and unable to care for himself or manage his finances

5.    (Strike out inapplicable condition – a or b)

a.)    Personal service of legal papers upon this person WOULD NOT be detrimental to the person's health.

OR

X.    Personal service of legal papers upon this person WOULD be detrimental to the person's health for the following detailed reason(s): _____

_____

6.    (Strike out inapplicable condition – a or b)

a.    Personal service of legal papers upon this person WOULD NOT be meaningless.

OR

b.)    Personal service of legal papers upon this person WOULD be meaningless for the following detailed reasons:

_He is incapable of comprehending them_____

_____

_1/26/05_____            _Roberson_____
Date                               Physician

STATE OF DELAWARE        *
                         *    SS:
COUNTY OF                *

ON THIS _26_ day of _January_, 200_5_, before me, the Subscriber, a Notary Public for the State and County aforesaid, appeared _Frederic Roberson_, a physician, known personally to me and being first duly sworn in accordance with law declared that the facts alleged in the foregoing petition are true and correct to the best of the affiant's knowledge and belief.

_Stephanie Christa Turner_____
Notary Public
My Commission expires 10/17/05

IN THE CHANCERY COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

IN THE MATTER OF:          *    C.M. No.: 2261-K
JOHN W. KEISER,            *
a disabled person.         *

### FINAL ORDER APPOINTING GUARDIAN FOR THE PROPERTY AND PERSON OF AN ALLEGED DISABLED PERSON

AND NOW, TO WIT, this 4th day of March, A.D., 2005, it appearing that the Petition for Appointment of Guardian of the Person and Property of John W. Keiser, a mentally and physically disabled person, hereinafter called "disabled person", having been presented and duly considered by the Court and the attorney ad litem, Adam Perza, Esquire, having been personally been served at least ten (10) days before the date of the hearing, and the next of kin of the alleged disabled person, Gregory Keiser, Sr., having signed a Waiver of Notice and Consent,

AND the Court having considered the Affidavits and statements made in Court, and being fully advised in the matter, and it appearing that John W. Keiser, is not a mentally ill person but is a disabled person because he is mentally and physically infirm and that by reason thereof he is unable to properly manage and care for his person and property and in consequence thereof is in danger of dissipating of losing such property, or becoming the victim of designing persons, and is without a Guardian to manage and care for his property, and he is in danger of substantially endangering his health or becoming subject to abuse by other persons, or becoming the victim of designing persons.

NOW THEREFORE, IT IS ORDERED THAT:

1. Laurie Keiser, be and hereby is, appointed Guardian of the person and property of the disabled person, first executing bond to be taken in the name of the State of Delaware, with a condition for the faithful performance of her duties as Guardian, in the penal sum of $ _300,000_ without surety.

2. The Guardian of the property shall open one or more interest bearing accounts at Wachovia Bank, and shall deposit all monies of the disabled person in said account(s). The account(s) shall be entitled "COURT OF CHANCERY, GUARDIANSHIP OF JOHN W. KEISER, LAURIE KEISER, GUARDIAN, WITHDRAWALS ONLY BY ORDER OF THE COURT." The Guardian shall not be required to open said account(s) unless and until the disabled person makes a recovery, either through settlement or trial, in the pending litigation regarding his injuries.

3. The Guardian is hereby granted leave to withdraw up to $ _2000.00_ per month without further notice of the Court. Otherwise, the Guardian may **NOT** make **ANY** withdrawals from the account(s) **WITHOUT** first having a Court Order to do so.

4. A **first inventory** is **due within 30 days** of receipt of funds, if any, by the Guardian from the disabled person's personal injury case.

5. The Guardian shall **file an accounting** of the Guardianship accounts at **least once every year** on the anniversary date of the appointment of the Guardian (the date of this Order) and at any other time the Court shall direct as required by the Rules of this Court.

6.    The Guardian shall **file a status report** with the
Register in Chancery **every year** on the anniversary date of the
appointment of Guardian (the date of this Order) as required by
the Rules of this Court and at any other time the Court shall
direct.   The status report shall include the current mailing
address of both the disabled person and the Guardian, and the
current medical statement from the attending physician setting
forth the current medical status of the ward and addressing the
need for a continued Guardianship.

7.    Laurie Keiser, as Guardian of the property of John W.
Keiser, a disabled person, subject to the limitations and
standards of 12 Del. C. § 3302 relating to investment standards
and powers of fiduciaries and the provisions of 12 Del. C. § 3304
relating to retention by a fiduciary of property of a ward
delivered pursuant to Court Order, may retain any property of her
ward now constituting part of her ward's estate and may acquire,
invest, reinvest, exchange, retain, sell, and manage the property
of her ward for the benefit of her ward, but may not expend or
withdraw any property of her ward's estate without the Court's
approval except for the extent permitted in paragraph 3 of this
Order.

8.    The Guardian, as Guardian of the person, shall not have
the power to make decisions regarding the discontinuance of
medical treatment, including but not limited to the discontinuance
of artificial nutrition and hydration and/or life sustaining
procedures, as those terms are defined by the Delaware Death With
Dignity Act, 16 Del. C. §2501, et seq., without petitioning this

Court for express permission to make such decisions.

9.   Upon qualification of the guardian of the property and receipt of necessary funds, the guardian shall pay the costs of these proceedings in the sum of $_114.00____ to the Register in Chancery and ~~pay $_____ to Noel E. Primos~~, Esquire, the attorney for Petitioner, for his services in preparation, filing and presenting the Petition, and pay $_980____ to Adam Perza, Esquire, the attorney for the disabled person.  The payment to Noel E. Primos, Esquire, shall be made upon receipt of funds from the disabled person's personal injury case.

10.   The Register in Chancery of this Court is appointed as agent of the Guardian to accept service of process on behalf of the Guardian as to any claim arising out of the Guardianship if, by reason of the Guardian's absence from this State, she cannot be served.

11.   The Guardian's attorney is responsible for the proper opening of any guardianship accounts and for the filing of the Proof of Compliance with the Register in Chancery within thirty (30) days from the date of the Guardian's receipt of funds, if any, from the disabled person's personal injury case.

~~VICE-CHANCELLOR~~ Master

CERTIFIED
AS A TRUE COPY:
ATTEST:

REGISTER IN CHANCERY
By

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

JOHN W. KEISER,                 *   C.A. No.:
by his Guardian Ad Litem,       *
LAURIE KEISER,                  *   NON-ARBITRATION CASE
                                *
             Plaintiff,         *
                                *   JURY TRIAL DEMANDED
      v.                        *
                                *
HARTFORD UNDERWRITERS           *
INSURANCE COMPANY,              *
      a foreign corporation,    *
                                *
             Defendant.         *

## ORDER

AND NOW, this _____ day of _____,
2006, the Court having considered the Motion of Laurie Keiser to
be appointed as the Guardian Ad Litem of the disabled adult
Plaintiff John W. Keiser; and

IT IS HEREBY ORDERED that for purposes of these proceedings,
Laurie Keiser is appointed Guardian Ad Litem of the disabled adult
Plaintiff John W. Keiser.

_____
                                              Judge

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| John W. Keiser<br>by his Guardian Ad Litem, Laurie Keiser | Hartford Underwriters Insurance Company |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

New Castle

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Jeffrey J. Clark, Esquire
Schmittinger & Rodriguez, P.A.
414 South State Street
P.O. Box 497
Dover, DE 19903
(302) 674-0140

ATTORNEYS (IF KNOWN)
William M. Kelleher, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
919 N. Market Street, 12th Floor
Wilmington, DE  19801

## II.   BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV.    NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Over-payment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Over-payment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☒ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury – Med Malpractice<br>☐ 365 Personal Injury – Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence Habeas Corpus:<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Emp. Ret. Inc. Security Act<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS – Third Party 26 USC 7609 | |

## V.   ORIGIN (PLACE AN X IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI.    CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. Section 1332(A)(1); Removal from state court pursuant to 28 U.S.C. Sections 1441, 1446

## VII.   REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

Check YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes ☐ No

## VIII.   RELATED CASE(S) IF ANY (See Instructions):

JUDGE _____

DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD
W. M. Kelleher

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

DMEAST #9609814 v1

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 0 6 - 5 8 4 ⌐

# ACKNOWLEDGMENT
## OF RECEIPT FOR AO FORM 85

### *NOTICE OF AVAILABILITY OF A*
### *UNITED STATES MAGISTRATE JUDGE*
### *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____2_____ COPIES OF AO FORM 85.

____9-21-06____                    ____Dustin Frohlich____
(Date forms issued)                    (Signature of Party or their Representative)

                                       ____Dustin _____
                                       (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action